United States Courts
Southern District of Texas
F I L E D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

JUL 1 7 2023

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States Of America | Case No. 4:92 – CR-00270 |
| Plaintiff | Judge Ewing Werlein Jr. |
| v. | |
| Julio Cesar Gutierrez-Jaramillo | **Reply to Government's Response in opposition to Petitioner's Motion for Reduction of Sentence Under U.S.C. (C)(1)(A)** |
| Defendant | |

Comes now, Julio Cesar Gutierrez-Jaramillo, here in after "Petitioner", acting Pro Se, and respectfully submits his reply to the government's argument in opposition to his motion for Compassionate Release Under 18 U.S.C. 3582 (C)(1)(A). This reply is primarly intended to correct certain factual prevarication's offered by the government, in an effort to mislead this Honourable Court's inquiry.

**Rebuttal Argument:**

## 1) The Government's misstatement of facts:

The Government disingenuously attempts to mislead this Court's analysis by regurgitating and convoluting certain facts on defendent's request motion. Petitioner never contended, as the Goverment seems to suggest, that defendant's pursuant of relief, is under medical condition of the defendant (U.S.S.G §1B1.13, commentary application note 1(A). On the contrary he is fully aware of the difference between medical and non-medical criterias. Mr. Gutierrez-Jaramillo is seeking his remedy as was revisionedand amended by the First Step Act of 2018 under the U.S.S.G § 1B1.13, commentary application note 1(B)(Age of the Defendant); and in addition with the non-medical circumstances of other elderly --inmates of the Federal Bureau of Prison's Program Statement NO. 5050-50, Section of (C).

(A) Age of the defendant --- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

Government in their response, at least conceded that the petitioner is over 70 years and has served 75% of his sentence. --- see Govt's response page 3, paragraph 5. The only bone of contention here is in the part of him "experiencing a serious deterioration in physical or mental health because of the aging process." Which the government thought otherwise. The key phrase in that sentence is "serious deterioration", which the government is substituting for "debilitated medical condition", either conscious or unconsciously, thus, subverting the true meaning of the sentencing commission's lamguage. These two key phrases are no where close to the same meaning, whichever way you look at it.

## Black's Law Dictionary (Tenth Edition)

**Serious** --- 1) (of conduct, opinions, etc.) weighty; important < serious violation of rules >. 2) (of an injury, illness, accident, etc.) dangerous;

potentially resulting in death or other sever consequences <serious bodily harm>

**Merriam-- Webster's Collegiate Dictionary (Eleventh Edition)**

**Deteriorate** -- (Late-Latin, deterioratus, ppl of deteriorare, from Latin deterior -- worse) vb 1) to make inferior in quality or value: IMPAIR 2) Disintegrate ~ vi: to become impaired in quality, functioning or condition: DEGENERATE <allowed a tradition of academic excellence to --><his health deteriorated> - deteriorate, Adj.

**Deterioration** -- n. (ca.1658): the action or process of deteriorating: the state of having deteriorated.

Now, is either the undersigner for the government is purposely trying to obsfuscate and distort, the important facts tabled by the petitioner in his compassionate release request to the court or her comprehension of English grammar, is in question. The language used by the commission in U.S.S.G. §1B1.13, cmt. n. 1(B)(ii) is as clear as day can be.

**2) Government's insumiation:**

The government's mis-characterization of Warden N.T. Mckinney's delayed answer to the defendants compassionate release request, is at it's best, disingenous. As a matter of fact, the warden responded within eleven (11) days of Mr. Gutierrez-Jaramillo's filing of his request. His request was filed on February 2, 2023, while the warden favourable responded on February 13, 2023 to her internal staff (the petitioner's Case Manager). The defendant was never aware, notified or given the chance to preview it, prior to the filing of this current compassionate release request to : this Honourable Court. -- see exhibit H (Warden N.T. McKinney's response).

In this Warden N.T. McKinney's response (Exhibit 4), states ;"based upon a review of all of the factors listed above, I find that you meet the criteria outlined in the Program Statement. You are currently 71 years of age, sentenced on July 16,

3

2010, have been incarcerated for approximately 13 years or 75% of your term of imprisonment, and have an established release plan in your Country of origin :... .. Colombia. This office concurs there are "extraordinary or compelling circumstances" as required by the statute to recommend the Bureau make a motion before your .:;;;; sentencing court seeking a reduction in sentence". ·

.The government interpretation of Warden Mckinny's intention, is clearly lacking in candor. Equating her, with her predecessor, is very affront. Governement is trying to take advantage of an ill-prepared Compassionate Release request of April 20, 2020  which then, Warden T. Jusino adjudicated, to obfiscate this current request.

As this defendant had opinoned previously that, if BOP (Warden T. Jusino) had done her job as was required by the First Step Act (2018), to notify the petitioner of his proper qualification or eligibility under section 3582 (C)(1)(A), citing U.S.S.G § 1b1|l13, cmt. note. 1(D) (other reasons) through the FBOP program  ·... Statement 5050-50 (January 17th, 2019), Section 4(C) of the non-medical circumstance of other elderly inmates. Assisted him in it's correct provision preparation, drafting and submission of his request, as this current Warden (N.T. McKinney) had just did. Mr. Gutierrez-Jaramillo, would have been home with his loved ones by now, since two years ago. -- see Pub. L. No. 115-391, §603(b), 132 stat. 5194, 5239-41 (2018) (amending 18 U.S.C. §3582); United States v Bryant, 996 F. 3d 1243 (11th Cir May 7th, 2021).

As the government had already defined "debiliated .. medical conditions" as being completely disabled. -- see Govt. Res. Pg. 10, para. 16. While "serious . deterioration" is on the opposite fence according to the dictionaryl! The phrase, serious deterioration, is having important or dangerously possible of becoming worse or less value. In other words, Julio Cesar Gutierrez-Jaramillo is experiencing a dangerous possibility of becoming worse or less in value in physical or mental health due to his aging process. In a layman term, means, that his health condition

is getting worse as years progresses because of his chronic medical conditions, of which the government has already concurred with. -- see Govt. Res. Pg. 9, paragraph 15; Gutierrez-Jaramillo's medical record.

This petitioner had NEVER opinied or intoned his relief request of being in debilitated medical condition or was he seeking his relief baseon medical condition rather the petitioner was pointing out, his chronic medical conditions, that are getting worse due to his age the U.S.S.G. § 1b1.1J13, cmt. n. 1(B) provision demands. This particular provision by the sentencing commission does not demand for the applicant or inmate to be completely disable, cannot carry on any self-care, to be totally confined to a bed or chair, only capable of limited self-care or confined to a bed or chair more than 50% of waking hours, as the government is asserting in their response. Rather the provision, demands the opposite to meet its criterias or eligibilites. Once, the health deterioration is occurring or becoming worse due to the application's age. It does not matter if the applicant came into the BOP with his condition(s). And he is, at least 65 years old and had served at least 10 years or 75% of his sentence. Then, he is eligible or entitled to a remedy through this provision, period. Just like Mr. Gutierrez-Jaramillo. --. see United States v Bryant 996 F. 3d 1243 (11th Cir. May 7th, 2021) (The new second category -- "age of the defendant" -- explains that deterioration due to age is extraordinary and compelling even if it does not diminish the ability for self-care as long as the defendant is at least 65 years old and has served the lesser of 10 years or 75% of his sentence).

### 3) Government's Obscurantism:

Did this Undersigner for the government really think that the defendant started doing his time in the United State's soil or is she acting ignorant of the fact? AUSA Sullivan requested additional 30 days on May 4, 2023 to study and file a response to the petitioner's motion, and of which, it was granted. Most of her arguments to this current petitioner's request was generated from her predecessor's

response brief of April 23, 2020. There is no way of not seeing or reading Mr.
Robert Stabe acknowledgement of the said fact. -- see April 23, 2020. Govt. Res.
Pg. 6, para. 13 (In addition, the court did give the defendant credit for the time
he spent in custody in Peru. The defendant argued for such a departure at the time
of sentencing and the United States conceded that the BOP probably would not give
the defendant credit for the time spent in a jail in Peru. The court specifically
departed downward 82 months from a sentence of 292 months to 210 months to allow
for time spent by the defendant  in custody in Peru).

 The defendant wasn't experiencing any known illness or chronic medical conditions
prior to entering into United States custody on this conviction, as government had
just asserted in their brief. -- see Govt. Res. Pg. 9, para. 15. Request for the
defendant's arrestation for this indictment was made as early as November 29, 1995
through the INTERPOL WASHINGTON to the Peruvian Government. -- see Exhibit F. And
on December 27, 1995 ,the defendant was arrested. see Exhibit G. It was only when
this petitioner was in the Peruvian's custody on behalf of the United States
request, do they hit him with a different charge of trafficking drugs in their own
CountyU He was convicted and sentenced to 15 years, of which he did finish by doing
7 plus years as their law demands. He was supposedly to be set-free on October 2,
2002. -- see Exhibit i (freedom release paper). The United States starts processing
an urgent extradition order to the Peruvian government on the day of the defendants'
release. -- see Exhibit J ( Extradition Order Request). And it was granted on
October 10, 2002. -- see Exhibit K (Extradition Assurance Document). Mr. Gutierrez-
Jaramillo was under the United States Oversea's (Peru) custody from 2002 to
December 23, 2009 pending extradition to the United States Prison. On that seven
(7) years he was in Peruvian prison on behalf of the United States. That's when
many of his chronic medical conditions developed, because of poor prison condition
in those kind of Countries. AUSA Sullivan acting unaware and asserting these false
narrative of the defendant entering BOP custody with those medical conditions, is

just purpostrous and absurd.

### 4) Government's Outrageous Request:

The government asking this Honourable Court to deny this petitioner's relief solely based on him being an "international drug trafficker" ús rediculously unreasonable. This line of there argument is misleading in the sense, that it overlooks the mechanism already provided by the Sentencing Guidelines for considering drug trafficking offense conduct through the rubric of U.S.S.G. §2D1.1. -- see United States v. Ayala, 540 F. Supp. 2d 676, 679 [W.D. Va. 2008] ("To do as the government suggests, would doubly penalize [Petitioner] for his [drug trafficking]. Absent any evidence that the [sentencing guidelines] uniquely fail to reflect his actual....danger to the public", petitioner's underlying drug trafficking should not "bar reduction in sentence"). Petitioner's sentence already reflects the seriousness of his drug trafficking offense. -- see May 30, 2020, Judge Ewing Werlein, Jr's Order, Pg. 6. (At sentencing, after deducting three levels for acceptance of responsibility, Defendant's total offense level was 40 and his Criminal History Category was 1, with a Guideline range that recommended a sentence from 292 months to 365 months. The Court at sentencing granted defendant's motion for a downward departure from the correctly determined Guideline range BASED on defendant's argument at that time, that he had been detained in Peruvian prison for an extended period of time at the request of the United States. The Court thus made a downward departure of 82 months from the minimum sentence recommended for offense level 40, Criminal History Category 1, specifically to give credit for the Peruvian detention, and sentenced defendant to only 210 months on each count to run concurrently).

As the defendant has noted, his sentence already reflects the seriousness of his offense. The sentencing commission amended §2D1.1 of the Sentencing Guidelines with the enactment of Amendment 782 and made it retroactive. Which is the driving force of this honourable sentencing determination in this, and every other drug

case(s), to ameliorate what many have perceived as overly punitive sentencing for drug offenses.

The government's opposition is nothing but bitter hyperbole and vicarious disagreement with the sentencing commision's enactment of Amendment 782.

### Conclusion

For these reasons Mr. Julio Cesar Gutierrez-Jaramillo humbly requests that this honourable court ignore the government's opposition response in this matter and grant him the relief he had requested in his motion for Compassionate Release under U.S.S.G. §3582 (C)(1)(A).

Respectfully submitted this _7_ day of July, 2023.

Julio Cesar Gutierrez-Jaramillo
FCI Victorville #1
P.O Box 3725
Adelanto, CA 92301

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of defendant Julio Cesar Gutierrez-
Jaramillo's Compassionate Release brief is mailed on this 7 day of July, 2023, to the
clerk of the court for filing. Please do notify and send copies to all parties who have
vested interest in this matter and also, are indicated on the electronic filing.

Petitioner, Pro Se

Julio Cesar Gutierrez-Jaramillo
FCI Victorville Medium #1
P.O. Box 3725
Adelanto, CA 92301

8

EXHIBIT "H"



Inmate Name: GUTIERREZ-JARAMILLO, Julio Cesar
Register No.: 99455-179
Unit: 5 GP

This is in response to a Request for Compassionate Release/Reduction in Sentence, based on the criteria for Other Elderly Inmates. Specifically, the request is based on Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implemenatation of 18 U.S.C. §§ 3582 and 4205(g).

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the Bureau of Prisons (BOP), to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with the general guidance.

A review of your circumstance indicates you were sentenced to a 210-month sentence with a 5 year term of supervision for Conspiracy to Import more than 5 kilograms of Cocaine and Importation of more than 5 kilograms of Cocaine, Aiding and Abetting. You currently have a projected release date of February 21, 2025 via Good Conduct Time Release. Presently, you have a detainer with Immigration and Customs Enforcement due to your citizenship to Colombia. All detainers and holds should be resolved prior to the Warden's submission of a case under 18 U.S.C. 3582(1)(A) or 4205(g). Due to your release plan of residing in Colombia, you are not required to resolve the detainer.

Section 4 of the aforementioned Program Statement states, "4. REQUESTS BASED ON NON-MEDICAL CIRCUMSTANCES - ELDERLY INMATES

The criteria for a RIS request may include the following:

c. **Other Elderly Inmates.** Inmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced.

Based upon a review of all of the factors listed above, I find that you meet the criteria outlined in the Program Statement.  You are currently 71 years of age, sentenced on July 16, 2010, have been incarcerated for approximately 13 years or 75% of your term of imprisonment, and have an established release plan in your country of origin, Colombia.  This office concurs there are "extraordinary or compelling circumstances" as required by the statute to recommend the Bureau make a motion before your sentencing court seeking a Reduction in Sentence.

Your request for Compassionate Release/Reduction in Sentence is approved at this level.  FCC Victorville will proceed with the process to submit your request and our concurrence for Compassionate Release/Reduction in Sentence to the Office of General Counsel.  Our concurrence is not a final approval for Compassionate Release/Reduction in Sentence, please do not take this as such.

I trust this addresses your concerns.

_____                    2 | 13 | 2023
N. T. McKinney, Warden                      Date

BB 1 EXHIBIT 1

CALLAO FOURTH CRIMINAL COURT
Callao, October 2, 2002

Official Communication No. 2002-03314-4JPCP
Legal Specialist: Alex Carbajal

To the Director of Penitentiary Registry
Callao

Dear Sir:

Please be so kind as to issue instructions to proceed with the IMMEDIATE RELEASE of JULIO CESAR GUTIERREZ-JARAMILLO, pursuant to the court ruling that this declared as GRANTED for the benefit of Limited Freedom in the conviction for the offense of illicit drug trafficking to the detriment of the State, while having an obligation of advising you that the beneficiary of the limited freedom would have to comply with the following rules of conduct: a) The beneficiary must sleep over in a residence that is subject to the control and inspection by the penitentiary authority. b) He must not commit any new serious offense. c) He must not change his place of residence without the consent of the penitentiary authority. d) He must report every thirty days to sign the control book. This order shall be fully complied with at all times, unless some other detention order has been issued by a competent authority.

The cause is derived from the TID Penal Hall (746-96. Sec. Javier Zapara Garcia Rosell, Supreme Executory 746-96), presently the Benefit is assigned to Dr. Cruz Ramos 2001-003314.

Very truly,
MAY GOD BE WITH YOU
Signature

CUARTO JUZGADO PENAL DEL CALLAO

Callao, 02 de Octubre del 2002 .-

**OFICIO NRO. 2002-03314-4JPC**
**Esp. Legal: Alex Carbajal**

**SEÑOR :**
**DIRECTOR DEL REGISTRO PENITENCIARIO**
**Presente .-**

Tengo el agrado de dirigirme a Ud. a fin de que se sirva disponer lo conveniente para proceder a la **INMEDIATA LIBERTAD de JULIO CESAR GUTIERREZ JARAMILLO**, por haberlo así ordenado mi Despacho, al haberse declarado **PROCEDENTE** el Beneficio de Semi Libertad, recaída en la causa que se le siguiera por el delito de Tráfico Ilícito de Drogas en agravio del Estado, debiéndose poner en su conocimiento que deberá de cumplir las siguientes reglas de conducta: a) El beneficiado deberá de pernoctar en su domicilio estando sujeto al control e inspección -de la autoridad penitenciario .- b)No Cometer nuevos delitos dolosos.- c) No variar de domicilio sin consentimiento de la autoridad penitenciario .- d) Concurrir cada treinta días a fin de firmar el libro de control respectivo; Orden que se cumplirá siempre y cuando no exista otra orden de detención emanada de autoridad competente .-

La causa proviene de la Sala Penal de TID. (746-96. Sec. Javier Zapata García Rosell, Ejecutoria Suprema 746-96), actualmente el Beneficio asignado a la Doctira Cruz Ramos 2002-03314 .

Aprovecho la oportunidad para reiterarle mis

DIOS GUARDE A UD.

Dr. RICARDO RODOLFO PASTOR ARCE
Juez Titular
Cuarto Juzgado Especializado
en lo Penal - Callao

EXHIBIT "J"

SEP 26 '03 12:25

3329001

TO: 8



Embassy of the United States of America
Lima, Peru

A:           Director Eder Martinez Garcia
             Penal de Callao
             (Fax:  453-2112)

DE:          Denise A. Boland
             Cónsul

FECHA:       4 de octubre, 2002

TEMA:        URGENTE:  Extradición de Julio Cesar
             Gutierrez Jaramillo

NO. DE PAGINAS:   Doce (incluyendo esta hoja)

---

Director Martinez:

De acuerdo a lo conversado hace pocos minutos con el Subdirector
Mattos, le envio la evidencia que indica que Julio Cesar
Gutierrez es sujeto de una solicitud de extradición aprobada por
las autoridades judiciales peruanas.  El Ministerio de Relaciones
Exteriores ha acusado recibo de la nota diplomatica reciente de
esta Embajada, reiterando el interés del Gobierno de Estados
Unidos en extraditar a Sr. Gutierrez, asi de acuerdo con el
tratado de extradición entre los dos paises, se cumple con la
Resolución Suprema adjunta.

Estoy por comunicarme con la Presidencia del INPE también, como
me sugirió el Subdirector.

Muy atentamente,

Denise Boland, Consul

NEXT PL. INCOS

2

8

Seal of the Department
of State of the
United States of America

Embassy of the United States of
America.
Lima, Peru

*14*

To:
Director Edor Martinez Garcia
Penal de Callao
( Fax: 453-2112)

From:
Denise A. Boland
Consul

Date:
October 4th 2002

Re:
Urgent, extradition of Julio Cesar Gutierrez
Jaramillo

No. of pages:
12 ( including this sheet )

-----------------------------------------------------------------------

Director Martinez:

According to what we talked about a few minuters ago with subdirector Mattos,

I'm sending you the evidence that indicates Julio cesar Gutierrez Jaramillo

is subject of an extradition approved by the Peruvian Judicial Authorities.

The ministry of foreign relations has acknowledged reciept of the recent di-

plomatic note from this embassy, reiterating the interest of the United Sta-

tes to extradite mr. Gutierrez, as such, and in accord with the extradition

treaty between the two countries, it complies with the attached Supreme Res=

olution.

I'm about to communicate with the president of INPE too, as suggested by the

subdirector.

very atentively,

Denise Boland

*1*

-2-

The Embassy understands from recent exchanges with Peruvia_
executive branch officials that Gutierrez Jaramillo's
release may be imminent given his apparent eligibility for
a reduction in sentence. *SEMi libertad PAROL*

The Embassy therefore requests that the Ministry inform the
Peruvian judicial authorities that the U.S. Government
maintains its interest in extraditing Gutierrez Jaramillo,
and anticipates that the fugitive will remain incarcerated *though*
upon completion of his present sentence while arrangements
are made to coordinate the prisoner's transfer to the
United States in the company of ~~those Federal marshals.~~

The Embassy of the United States of America takes this
opportunity to renew to the Ministry of Foreign Relations
of the Republic of Peru the assurances of its highest
consideration.

Embassy of the United States of America,
        Lima, May 30, 2012

*me ExTRADiTARON   DiC. 23 - 2009*
*CON DocumenTOS FALSOS.*

9

EXHIBIT K

10- 9- 2 : 7:38AM ;      MN RR EE-      CCITT G3:# 2

495/2

No. 1185

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Peru and has the honor to refer to the Ministry's Note No. (LEG) 6-3/183, dated June 11, 2002, the Embassy's Note No. 475, dated May 30, 2002, and the Ministry's Note No. 6-3/03 of January 13, 1997. The Embassy respectfully wishes to express its concerns regarding recent developments relating to the extradition request of the Government of the United States of America for Colombian citizen Julio Cesar Gutierrez Jaramillo on narcotics trafficking charges.

The Ministry's Note No. 6-3/03 notified the Embassy that the Government of the Republic of Peru had granted the extradition request for Gutierrez Jaramillo by means of Supreme Resolution No. 239-96-JUS, dated December 4, 1996, in which reference was made to the Peruvian Supreme Court decision of August 15, 1996. The Note further informed the Embassy that the surrender of the fugitive was postponed until the resolution of local narcotics trafficking charges and the completion of any imposed sentence.

495/3

In Note No. (LEG) 6-3/183, the Ministry acknowledged
receipt of Note No. 475 and assured the Embassy that it had
been transmitted to the National Directorate of Justice at
the Ministry of Justice in order to be relayed to the
Peruvian judicial authorities.

Therefore, the Embassy was surprised and concerned to
learn from a Peruvian official on October 4, 2002 that,
despite the existence of a Supreme Resolution granting the
extradition, the release of Gutierrez Jaramillo in
compliance with a lower court order could occur that very
afternoon.  Only after a lengthy series of exchanges
between Embassy officials and Peruvian officials at the
Ministries of Justice and Foreign Relations, National
Penitenciary Institute (INPE) and Interpol did the Embassy
receive explicit assurances from the Peruvian authorities
that the fugitive would remain incarcerated through the
upcoming four-day national holiday period.  The Embassy
greatly appreciates the coordination between the
aforementioned officials which enabled them to provide
those assurances in the interests of justice.

The Embassy nonetheless wishes to express its deep
concern over these developments and new obstacles to

release of Gutierrez Jaramillo was signed in contravention
of Peruvian judicial procedures, which oblige the court to
determine that no other charges are pending against the
prisoner throughout the judicial system.

The Embassy is compelled to reiterate its request that
the Peruvian judicial authorities, in accordance with the

Como PUEDE ObSERUAR bIEN CLARO DICE
QUE NO TENGO OTROS CARGOS DENDIENTES
EN MI CONTRA DENTRO DEL SISTEMA
JUDICIAL PERUANO EN la FECHA PRESENTE
EL ORIGINAL DE ESTA Y COMPLETA ES
LO QUO NELESITO TAMBIEN PARA
QUE EL BOP ME DE EL CREDITO
DESDE OCT 2 2002. a DIC. 23 2009.
TAMBIEN mo SIRVE PUES OBAMA Clemencia
EXIGE TENER 10 AÑOS CUMPLIDOS EN PRISION
SNMO DEL 2002. oct 2 A HOY Y ME SOBRA
CON ESTA CANTA DEMUESTRO QUE DESDE 2002
ESTABA BAJO SUS ORDENES DE USA

ESTA INCOMPLETAS FALTAN HOJAS
SON 12 total DE ESTA sola carta

PAGE 4 -

Oct. 10 2002 11:15AM

10- 9- 2 : 7:39AM :          MN RR EE-          CCITT G3:# 4

495/4

- 3 -

Supreme Resolution, take the necessary measures to ensure
that Gutierrez Jaramillo remains incarcerated, pending his
extradition to the United States.  The Embassy further
requests to be advised in advance of the date on which the
fugitive is eligible for release, so that the Embassy may
coordinate his transfer to the United States with the U.S.
Federal Marshals who will accompany the prisoner and with
local law enforcement authorities.

     The Embassy of the United States takes this
opportunity to renew to the Ministry of Foreign Relations
of the Republic of Peru the assurances of its highest
consideration.

inistry that the Government of the United States of
merica maintained its interest in extraditing Gutierrez
Jaramillo and anticipated that the fugitive would remain
incarcerated upon completion of his present sentence to
allow for arrangements to coordinate his transfer to the
United States in the company of U.S. Federal marshals.

SEP 26 '03 12:28

*note: These are the documents I have
of the embassy, they are not complete. I hope you
have the others. 15 moe PG.*

No. 475

The Embassy of the United States of America presents
its compliments to the Ministry of Foreign Relations of the
Republic of Peru and has the honor to refer to the
Ministry's note number 6-3/03, dated January 13, 1997, in
which the Ministry advised the Embassy of the Supreme
Court's decision to grant the extradition of Colombian
citizen Julio Cesar Gutierrez Jaramillo, for the crime of
narcotics trafficking.

The Ministry's Note referred to Supreme Court
Resolution No. 239-96-JUS, which was remitted by the
Peruvian Ministry of Justice to the Ministry of Foreign
Relations under official memorandum no. 075-JUS/DNJ-DICAJ,
dated January 7, 1997. Supreme Resolution No. 239-96-JUS
refers to the Supreme Court's August 15, 1996 decision to
grant the U.S. Government's extradition request for
Gutierrez Jaramillo.

The Embassy wishes to respectfully remind the Ministry
that the Ministry's Note, No. 6-3/03, further informed the
Embassy that the surrender of the fugitive to U.S. law
enforcement authorities had been suspended until the
resolution of local narcotics trafficking charges (case
number 14-96) and the completion of any imposed sentence.

Julio Ocheo
Federal Correctional Institute
Victorville, Medium 1
P. O. Box 3725
Adelanto, CA 92301



CERTIFIED MAIL

7022 0410 0001 5981 8558

United States Courts
Southern District of Texas
F I L E D

JUL 17 2023

Nathan Ochsner, Clerk of Court

Office Of The Clerk
United States Courthouse
Southern District Of Texas
515 Rusk Street, Room 5300
Houston Tx 77002